NOT DESIGNATED FOR PUBLICATION

No. 114,732

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WALTER REMY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BENJAMIN L. BURGESS, judge. Opinion filed November 18, 2016. Affirmed.

*Caroline M. Zuscheck*, of Kansas Appellate Defender Officer, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., PIERRON, J., and BURGESS, S.J.

*Per Curiam*: Pursuant to a guilty plea, the district court convicted Walter Remy of one count of driving under the influence (DUI), which was a nongrid felony because it was his third DUI conviction within 10 years, in violation of K.S.A. 2015 Supp. 8-1567(a)(2), (b)(1)(D). In accordance with the plea agreement and statute, the district court sentenced Remy as follows: a 12-month underlying jail term; suspended after serving 90-days; and an additional 12 months postimprisonment supervision. One year after Remy's sentencing, he was charged with, and subsequently pled guilty to, several counts of violating the terms of his postimprisonment supervision. The district court

1

revoked his supervision and imposed the underlying 12-month jail sentence. Remy filed this timely appeal.

FACTUAL AND PROCEDURAL BACKGROUND

Remy entered into a plea agreement in Sedgwick County for his third DUI within 10 years, a felony under K.S.A. 2015 Supp. 8-1567(b)(1)(D). In exchange for his guilty plea, the parties recommended imposition of the controlling 12-month jail sentence, and that Remy serve the mandatory 90 days as 48 consecutive hours in jail, followed by 2,160 hours of house arrest. Both parties agreed to the mandatory 12-month postimprisonment supervision. The district court accepted Remy's plea and sentenced him on July 10, 2014, in accordance with the plea agreement. The record does not indicate that Remy was sentenced to any other type of supervision, such as probation.

The record does not reflect when Remy's 90-day house arrest concluded. From the record, it is estimated that the earliest Remy would have concluded his house arrest was in mid-October 2014, making his postimprisonment supervision begin at that time and then run until at least mid-October 2015.

In July and August 2015, three separate warrants were issued, alleging Remy committed at least seven separate supervision violations. Remy admitted to all of the violations. In response to the district court's inquiry, the State advised the court that its options for disposition included imposition of the underlying jail term, imposition of a jail term for the remainder of Remy's postimprisonment supervision (approximately 3 months), or impose both, and run them either concurrently or consecutively. The State also advised that reinstatement of postimprisonment supervision was not an option as the violations occurred mere days before the supervision was set to expire.

2

Consistent with the plea agreement, the State requested the district court to impose the underlying 12-month jail term. Remy's defense counsel made no recommendation but simply requested the district court to impose "the lesser of the two" jail terms, implying the 3-month term. The judge imposed the 12-month underlying jail term, with the addendum Remy could serve the time on work release. Remy's defense counsel made no objections or requests for reconsideration. Remy timely appeals.

## DID THE DISTRICT COURT ABUSE ITS DISCRETION IN REVOKING REMY'S POSTIMPRISONMENT SUPERVISION AND IMPOSING THE UNDERLYING 12-MONTH JAIL SENTENCE?

Remy claims that the statutory provisions of K.S.A. 2015 Supp. 22-3716 should have been considered by the district court in conjunction with K.S.A. 2015 Supp. 8-1567 before imposing Remy's sentence for his postimprisonment supervision violations. Specifically, Remy contends that there were several less severe sanctions possible under K.S.A. 2015 Supp. 22-3716(b)(3)(B) that the district court should have, but failed to, consider at sentencing because the State failed to fully inform the district court of its options. Remy argues that due to the State's misstatements of law, the district court misapplied the law. He argues that the proper remedy is for this court to vacate the imposition of Remy's underlying jail sentence and remand the case with instructions for the district court to consider all applicable options for sentencing.

*Jurisdiction*

Remy appeals the imposition of his 12-month underlying jail sentence for his supervision violations. However, Remy did not object to the imposition of this sentence at his revocation hearing, nor did he raise the possible application of K.S.A. 2015 Supp. 22-3716 to provide other viable alternatives for the district court to consider. Generally, if an issue is not raised before the district court, it cannot be raised for the first time on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). Although Remy's counsel

3

requested the district court to impose the "lesser of the two" sentences being considered, Remy's defense counsel made this request prior to the district court issuing its sentence, and he made no objections or requests for reconsideration of the ruling.

There are several recognized exceptions to this general rule against raising issues for the first time on appeal. See *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). However, Remy does not claim that any of these exceptions apply to the issue of whether all available options were considered by the district court. Further, Remy offers no explanation to this court why this issue should be addressed for the first time on appeal. Accordingly, the issue of whether the district court abused its discretion in sentencing Remy after his postimprisonment supervision violations is not properly before this court. See *State v. Godfrey*, 301 Kan. 1041, 1043-44, 350 P.3d 1068 (2015) (failure to brief an exception means the issue will not be addressed). On this basis alone, this case can be affirmed. Regardless, Remy's appeal fails on its merits.

*Standard of Review*

In consdering the merits of Remy's claim, the district court's imposition of the underlying jail term is reviewed for abuse of discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the trial court abused its discretion bears the burden of showing that abuse of discretion. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

*K.S.A 2015 Supp. 8-1567 verses K.S.A. 2015 Supp. 22-3716*

Remy argues that the district court made reversible error when it based its decision to revoke his postimprisonment supervision and impose the 12-month underlying jail

4

sentence. A district court's decision to revoke a defendant's period of supervision and impose the underlying jail term is discretionary unless otherwise required by statute. *State v. Brown*, 51 Kan. App. 2d 876, 879, 357 P.3d 296 (2015). Remy suggests that the district court did not fully understand the options available regarding his supervision violations, and that it relied only on the options presented by the State. It is Remy's contention that the district court imposed his underlying sentence based on a mistake of law, *i.e.*, that the district court should have considered not just the provisions of K.S.A. 2015 Supp. 8-1567, but also K.S.A. 2015 Supp. 22-3716.

Remy was charged, convicted, and sentenced under the DUI statute, K.S.A. 2015 Supp. 8-1567(b)(1)(D). This statute provides for a mandatory 1-year period of postimprisonment supervision and provides that violations of the conditions of that supervision may subject a person to (1) revocation of supervision and imprisonment in jail for the remainder of the period of imprisonment, (2) revocation of supervision and imprisonment in jail for the remainder of the supervision period, or (3) any combination thereof. K.S.A. 2015 Supp. 8-1567(b)(3). At Remy's sentencing hearing for his third DUI, the district court stated that Remy's sentencing was under K.S.A. 2015 Supp. 8-1567(b)(1)(D), described the sentence, and stated that after the 90-day house arrest, Remy would then be placed under supervision for 12 months. The district court went on to say, "Any violation of the conditions may subject [Remy] to revocation and imprisonment for the remainder of the period of imprisonment—the remainder of the supervision period or any combination thereof." Remy does not deny that these were appropriate.

Remy argues that the district court should have also considered those graduated penalties under the probation violation statute, K.S.A. 2015 Supp. 22-3716. However, statutory construction rules hold that specific statutes control over general ones. *Ft. Hays St. Univ. v. University Ch., Am. Ass'n of Univ. Profs.*, 290 Kan. 446, 463, 228 P.3d 403 (2010). The specific statute pertaining to DUIs under which Remy was convicted and

sentenced controls over a general statute regarding probation. More specifically, while Remy asserts that the State misstated the law and that the district court made an error of law by not considering K.S.A. 2015 Supp. 22-3716(b)(3)(B)(i)-(iii), convictions and sentences under K.S.A. 2015 Supp. 8-1567 are specifically excepted from provisions of the probation violation statute by K.S.A. 2015 Supp. 21-6804(i) which states: "The sentence for the violation of the felony provision of . . . K.S.A. [2015 Supp.] 8-1567 . . . *shall be* as provided by the specific mandatory sentencing requirements of *that section* and shall not be subject to the provisions of this section." (Emphasis added.) See also K.S.A. 2015 Supp. 22-3716(b)(3)(B) ("except as otherwise provided"). Accordingly, provisions of K.S.A. 2015 Supp. 8-1567, the DUI statute, were the only appropriate statutory provisions for the district court to consider in determining what discretionary actions to take in sentencing Remy for his supervision violations.

Finally, Remy suggests that the district court imposed the 12-month underlying sentence based on an error of law, "that it couldn't extend Mr. Remy's probation, or impose some lesser amount of jail time than his entire underlying sentence because the DUI statute didn't allow for it." This claim is not supported by the record on appeal. The State acknowledged to the district court that Remy had approximately 3 months left on his term of postimprisonment supervision and that jail time could be imposed for that timeframe. After discussing how Remy's actions adversely affected his daughter and other family members, the district judge chose to impose the entire underlying jail sentence (with work release) and stated, "I just don't think it's something that can be dealt with by a slap on the wrist, so to speak." Under these circumstances, Remy's argument that he might have gotten a lesser punishment, even if appropriate after considering another statute, is not supported by the record on appeal.

The district court did not make a mistake of law in its understanding and application of the statutory options regarding Remy's supervision violations. The district

6

court did not abuse its discretion, and the imposition of Remy's underlying 12-month jail sentence is affirmed.

Affirmed.